**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAVON JONES,

            Plaintiff - Appellant,

    v.

CITY OF LOS ANGELES; et al.,

            Defendants - Appellees.

No. 11-56713

D.C. No. 2:09-cv-07402-ODW-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

    Ravon Jones appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging constitutional violations in connection with

his arrest and prosecution for armed robbery. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Arpin v. Santa Clara Valley Transp. Agency*,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

261 F.3d 912, 919 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Jones's Fourth Amendment false arrest and imprisonment claim because Jones failed to raise a genuine dispute of material fact as to whether defendants had probable cause for his arrest and prosecution. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (defining probable cause and explaining that it is an objective standard); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (a plaintiff must show there was no probable cause in order to prevail on a section 1983 claim for false arrest and imprisonment); *cf. McSherry v. City of Long Beach*, 584 F.3d 1129, 1136 (9th Cir. 2009) (a judicial decision to hold a defendant to answer after a preliminary hearing is prima facie evidence of probable cause, which can only be rebutted by evidence that "the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith").

The district court properly granted summary judgment on Jones's Fourteenth Amendment equal protection claim because Jones failed to raise a genuine dispute of material fact as to whether "enforcement had a discriminatory effect and [defendants] were motivated by a discriminatory purpose." *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012) (citation and internal quotation marks

omitted) (identifying the requirements for an equal protection claim).

Jones's contentions that the district court overlooked evidence and failed to take into account his pro se status are unsupported by the record.

**AFFIRMED.**